IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JONATHAN ROSHARD BROWN | § | |
| v. | § | CIVIL ACTION NO. 6:20cv114 |
| | | (Crim. No. 6:13cr39-1) |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Movant Jonathan Roshard Brown, proceeding *pro se*, filed this motion to vacate or correct his federal sentence under 28 U.S.C. §2255. The motion was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Brown was named in six counts of an eight-count indictment returned on April 24, 2013. The six counts charged him with interference with commerce by threats or violence (Hobbs Act conspiracy), robberies of convenience stores in Cherokee County, and using, carrying, possessing, or brandishing a firearm during and in relation to a federal crime of violence during these robberies. He entered a plea of guilty to Counts One and Four, charging him with a Hobbs Act conspiracy to obstruct, delay, and affect commerce by robbery and extortion and with using, carrying, possessing, and brandishing a firearm during and in relation to a crime of violence, this being a robbery of the Razorback Grocery store in Jacksonville, Texas. As punishment, Brown received sentences of 180 months in prison on Count One, with restitution of $81,578.579, and 84 months on Count Four, running consecutively to the punishment on Count One. He also received five years of supervised release and a $100 special assessment per count.

Brown did not take a direct appeal, but filed this motion to vacate or correct sentence on March 5, 2020. In his motion, Brown argues that under *United States v. Davis*, 139 S.Ct. 2319 (2019), in order to be found guilty of a 924(c) offense, the predicate offense must have an element of use, attempted use, or threatened use of physical force, but a conspiracy charge does not have such an element. Brown asserts that this right was newly recognized by the Fifth Circuit in July of 2019 in a case called *United States v. Antonio Reece*, 938 F.3d 630 (5th Cir. 2019).

The Government has been ordered to answer and has filed a response to the motion to vacate or correct sentence. In its response, the Government argues that *Davis* does not apply to Brown's case and that his claim is barred by the waiver of appeal in his plea agreement.

Brown filed four motions for extension of time in which to reply to the Government's response, each of which was granted, but he has not filed a reply.

**II. Discussion**

  A. The Decisions in Davis and Reece

Brown's conviction for using, carrying, possessing, and brandishing a firearm during and in relation to a crime of violence is a conviction under 18 U.S.C. §924(c), which provides in pertinent part as follows:

> 18 U.S.C. §924(c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
>
>   (I) be sentenced to a term of imprisonment of not less than 5 years;
>
>   (ii)   if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
>   (iii)   if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

The term "crime of violence" is defined in §924(c)(3) as follows:

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and--
>
> > (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> >
> > (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

This latter portion, §924(c)(3)(B), is known as the "residual clause." The Supreme Court decided in *Davis* that this clause was unconstitutionally vague because it provides no reliable way to determine which offenses qualify as crimes of violence. *Davis*, 139 S.Ct. at 2324.

In *Reece*, the petitioner was convicted of four counts of using and carrying a firearm in relation to a crime of violence. For three of those four counts, the underlying crime of violence (in other words, the crime of violence during and in relation to which the firearm was used or carried) was conspiracy to commit bank robbery. After going through the appellate process, Reece filed a §2255 motion arguing that his 924(c) convictions were unconstitutional because bank robbery and conspiracy were no longer "crimes of violence" within the meaning of the statute after *Johnson v. United States*, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) and *Sessions v. Dimaya*, 138 S.Ct. 1204, 200 L.Ed.2d 549 (2018). The district court denied the motion, holding that both bank robbery and conspiracy to commit bank robbery were crimes of violence, and Reece appealed. While the appeal was pending, the Supreme Court decided *Davis*, holding that the residual clause of §924(c) was unconstitutionally vague.

In applying *Davis*, the Fifth Circuit stated that while bank robbery was a crime of violence within the meaning of §924(c)(3)(A), conspiracy to commit bank robbery was not, because the Government was not required to prove any element regarding the use, attempted use, or threatened use of physical force, and the fact that the object crime of the conspiracy was a crime of violence is irrelevant. Consequently, Reese's 924(c) convictions which were predicated on conspiracy to commit bank robbery were necessarily based upon the residual clause of §924, and thus had to be

3

set aside. In so holding, the Fifth Circuit determined that *Davis* applies retroactively to cases on collateral review.

B. Applicability to Brown's Motion to Vacate

The Government argues that *Davis* and *Reece* do not apply because Brown's §924(c) conviction was predicated on the robbery itself, which is a crime of violence, rather than the conspiracy. Count Four of the indictment, the 924(c) count to which Brown pleaded guilty, reads as follows:

> On or about November 2, 2012, in Cherokee County, Texas, in the Eastern District of Texas, the defendant, Jonathan Roshard Brown, aided and abetted by the defendants Maurice Deshun Jones and Willie Duane Rogers, aka "Willie Beamin," did knowingly and intentionally use, carry, possess, and brandish a firearm, to-wit: a black handgun, the exact make and model unknown to the Grand Jury, during and in relation to a crime of violence for which the defendants may be prosecuted in a court of the United States, that is interference with commerce by threats or violence - Hobbs Act robbery, a violation of 18 U.S.C. §1951(a).

Thus, the predicate offense supporting the §924(c) conviction was not the conspiracy to commit a Hobbs Act robbery, which is not a crime of violence; rather, the predicate offense was the robbery by threats or violence itself, which is a crime of violence that can sustain a §924(c) conviction. The fact that Brown did not plead guilty to the robbery itself is of no moment - §924(c) provides only that the underlying crime must be one for which a person *may have been prosecuted* in a court of the United States, not that the defendant actually was prosecuted and convicted. The Fifth Circuit has recognized that §924(c) does not require a conviction for the underlying crime. *United States v. Ramos-Rodriguez*, 136 F.3d 465, 467 (5th Cir. 1998); *United States v. Ruiz*, 986 F.2d 905, 911 (5th Cir. 1993), *cert. denied*, 540 U.S. 935 (2003). It is the fact of the offense, not a conviction, which is required to establish the needed predicate. *United States v. Munoz-Fabela*, 896 F.2d 908, 911 (5th Cir. 1990). This is a critical distinction from *Reece*, in which the §924(c) conviction was expressly predicated on the conspiracy rather than the robbery.

Brown testified at the change of plea hearing that he and co-conspirators committed the November 2, 2012 robbery. (Criminal case no. 6:13cr39, docket no. 309, p. 17). He also signed the factual resume acknowledging that he and co-conspirators committed that robbery. (Criminal case

no. 6:13cr39, docket no. 106, p. 2). This robbery was a crime of violence which may have been prosecuted in a court of the United States, and is thus sufficient predicate to support Brown's §924(c) conviction in Count Four of the indictment. Because Brown's §924(c) conviction was predicated on a crime of violence, *Davis* and *Reece* do not apply, and his request for §2255 relief is without merit.

C. The Waiver of Appeal

Even if this were not the case, Brown's §2255 motion is barred by his waiver of appeal. Brown's plea agreement contains the following provision:

> The defendant expressly waives the right to appeal his conviction and sentence on all grounds. The defendant further agrees not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. §2255.

The Fifth Circuit has routinely upheld waivers of appeal, stating that "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). A claim may survive an appeal waiver where the claim is one of ineffective assistance of counsel which directly affects the validity of the waiver or the plea itself, or if the sentence exceeds the statutory maximum. *U.S. v. White*, 307 F.3d 336, 339-40 (5th Cir. 2002).

Brown's claim does not fall into either of these categories. In *Jones v. United States*, civil action no. 3:18cv584, 2020 U.S. Dist. LEXIS 244313, 2020 WL 7753718 (N.D.Tex., December 10, 2020), the movant Cedric Jones received a §924(c) conviction which was predicated on his conviction for conspiracy to commit a Hobbs Act robbery. The Government acknowledged that this conviction was "problematic" because a conspiracy to commit a Hobbs Act robbery does not amount to a "crime of violence." However, the Government argued that Jones' waiver of appeal foreclosed the claim, and the district court agreed.

In so doing, the district court observed that the Fifth Circuit has not specifically ruled on the validity of a collateral-review waiver in the context of *Davis*; however, the district court cited *United States v. Barnes*, 953 F.3d 383 (5th Cir. 2020). The Fifth Circuit held in that case that an appeal

5

waiver of a *Booker* claim was not rendered invalid or inapplicable merely because the waiver was made before *Booker* was decided. Consequently, the district court held that Jones' waiver of appeal barred his §2255 motion.

Similarly, in *Brooks v. United States*, civil action no. 3:16cv1680, 2020 U.S. Dist. LEXIS 64208, 2020 WL 1855382 (N.D.Tex., March 2, 2020), *Report adopted at* 2020 U.S. Dist. LEXIS 63769, 2020 WL 1848050 (N.D.Tex., April 13, 2020), the movant Ronald Brooks pleaded guilty to kidnapping, using, carrying, or brandishing a firearm during a crime of violence, and possessing a firearm following a felony conviction. He sought §2255 relief arguing, *inter alia*, that the kidnapping conviction no longer qualified as a crime of violence to support the 924(c) conviction.

The Government acknowledged that Brooks' 924(c) conviction was "problematic" after *Davis*, but maintained that Brooks' waiver of appeal and pursuit of post-conviction collateral relief barred his claim. Brooks argued that certain rights cannot be waived in a plea agreement and the court could not allow him to plead guilty to a non-existent offense, but the district court rejected this contention. The Fifth Circuit held in *United States v. Creadell Burns*, 433 F.3d 442, 450-51 (5th Cir. 2005) that an otherwise valid appeal waiver is not rendered invalid, or inapplicable to an appeal seeking o raise a newly recognized constitutional error merely because the waiver was made before the error was recognized. *See also United States v. Timothy Burns*, 770 F.App'x 187, 2020 U.S. App. LEXIS 14080, 2019 WL 2078324 (5th Cir. 2019) (appeal waiver bars §2255 claim notwithstanding movant's argument that the right at issue did not exist at the time he agreed to the waiver).

Brown is in the same posture. He entered into a valid and enforceable waiver of his right to appeal or seek collateral review, and he has not shown, nor does the record reveal, that an exception to this waiver applies. Brown's waiver of his right to seek collateral review through a §2255 motion should be enforced. *See Love v. United States*, civil action no. 3:17cv1431, 2021 WL 2879615 (N.D.Tex., May 5, 2021), *Report adopted at* 2021 U.S. Dist. LEXIS 104026, 2021 WL 2252141 (N.D.Tex., June 2, 2021) (enforcing waiver of collateral review where the movant raised

a *Davis* claim because he had pleaded guilty to conspiracy to commit Hobbs Act robberies rather than the robberies themselves). Brown's §2255 petition lacks merit and is barred in any event by his waiver of appeal.

### III. Conclusion

28 U.S.C. §2255(a) reads as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. §2255 does not reach errors not of a constitutional or jurisdictional magnitude that could have been raised on direct appeal. *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995). Instead, the statute provides recourse only for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Gobert*, 137 F.3d 315, 318 (5th Cir. 1998); *see United States v. Seyfert*, 37 F.3d 1131, 1134 (5th Cir. 1994) (matters raised and resolved on direct appeal may not be relitigated through a Section 2255 motion).

Brown has not shown a transgression of his constitutional rights nor raised a question of jurisdictional magnitude. Nor has he shown that he suffered an injury which could not have been raised on direct appeal or which could result in a complete miscarriage of justice. Consequently, he is not entitled to relief under §2255.

### Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a §2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). Rule 11 of the Rules Governing §2255 Proceedings in the United States District Courts provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to

the applicant." A certificate of appealability may be issued only if the movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(2).

Under the controlling standard, the movant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003), *quoting Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (200).

Brown has not made a substantial showing of the denial of a constitutional right. Nor has he shown that reasonable jurists could debate whether his motion to vacate or correct sentence should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. He is therefore not entitled to a certificate of appealability.

## RECOMMENDATION

It is accordingly recommended that the above-styled motion to vacate or correct sentence be dismissed with prejudice. It is further recommended that a certificate of appealability be denied *sua sponte*.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found.

An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 18th day of August, 2021.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE